

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00052-CV

IN THE INTEREST OF J.R.H., JR., H.H., AND B.T., CHILDREN

On Appeal from the County Court at Law
Hopkins County, Texas
Trial Court No. CV42794

Before Morriss, C.J., Moseley and Burgess, JJ.

## ORDER

As a result of a petition filed by the Texas Department of Family and Protective Services (the Department), the trial court terminated Mother's parental rights to J.R.H., Jr., H.H., and B.T., and Father's parental rights to B.T. Father has filed a separate appeal from the termination order. In examining the record on appeal, we have determined that it is necessary to abate this appeal to allow the trial court the opportunity to comply with the Indian Child Welfare Act (ICWA).[1]

Congress passed the ICWA in response to the "rising concern in the mid–1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 32 (1989). "The ICWA applies to all state child custody proceedings involving an Indian child when the court knows or has reason to know an Indian child is involved." *In re C.C.*, No. 12-17-00114-CV, 2017 WL 2822518, at *2 (Tex. App.—Tyler June 30, 2017, no pet.) (mem. op.) (citing 25 U.S.C.A. § 1912(a) (Westlaw current through PL 115–231); *In re R.R., Jr.*, 294 S.W.3d 213, 217 (Tex. App.—Fort Worth 2009, no pet.)). "An Indian child is defined by the ICWA as an 'unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.'" *Id.* (quoting 25 U.S.C.A. § 1903(4) (Westlaw

---

[1]On October 4, 2018, the United States District Court for the Northern District of Texas in *Brackeen, et al., Plaintiffs, v. Zinke, et al., Defendants, and Cherokee Nation, et al., Intervenors-Defendants*, Civil Action No. 4:17-cv-00868-O, entered an Order granting in part and denying in part motions for summary judgment that asserted that certain sections of the ICWA, and the corresponding regulations, are unconstitutional. We make no comment regarding any effect that ruling or case may have.

current through PL 115–231)). "The ICWA, however, does not define what constitutes being a 'member' or 'being eligible for membership.'" *Id.* (citing 25 U.S.C.A. § 1903(4)). "Each tribe has its own criteria for determining tribe membership." *Id.*

"The Bureau of Indian Affairs created guidelines for state courts to use in Indian child custody proceedings to assist with the interpretation of the ICWA." *Id.* (citing Bureau of Indian Affairs Guidelines for State Courts; Indian Child Custody Proceedings (BIA Guidelines), 44 Fed. Reg. 67,584 (Nov. 26, 1979)). The BIA Guidelines state, "Proceedings in state courts involving the custody of Indian children shall follow strict procedures and meet stringent requirements to justify any result in an individual case contrary to these preferences." *Id.* (quoting BIA Guidelines, 44 Fed. Reg. at 67,586). "Specific instructions are provided in the Guidelines for the determination of the status of an alleged Indian child." *Id.* (citing *In re J.J.C.*, 302 S.W.3d 896, 900 (Tex. App.—Waco 2009, no pet.)). "The burden is placed on the trial court to seek verification of the child's status through either the Bureau of Indian Affairs or the child's tribe." *Id.* (citing BIA Guidelines, 44 Fed. Reg. at 67,586 (stating that "the court shall seek verification of the child's status")). "[C]ircumstances under which a state court has reason to believe a child involved in a child custody proceeding is an Indian include [when] . . . (i) Any party to the case . . . informs the court that the child is an Indian child . . . . [and] (ii) Any public or state-licensed agency involved in child protection services or family support has discovered information which suggests that the child is an Indian child." *Id.* (quoting BIA Guidelines, 44 Fed. Reg. at 67,586).

"Under the ICWA, an Indian tribe is entitled to notice of a custody proceeding involving an Indian child." *Id.* (citing 25 U.S.C.A. § 1912(a)). "It is the duty of the trial court and the Department to send notice in any involuntary proceeding 'where the court knows or has reason to know that an Indian child is involved.'" *Id.* (quoting 25 C.F.R. § 23.11 (Westlaw current through October 5, 2018 issue)). "Section 23.11 also requires that the notice be sent to the 'appropriate Regional Director' and the Secretary of the Interior." *Id.* (quoting 25 C.F.R. § 23.11(a), (b), (c)). On receipt of the notice, the Secretary of the Interior or his designee is required "to make reasonable documented efforts to locate and notify the tribe and the child's Indian parent or custodians within fifteen days or to notify the trial court how much time is needed to complete the search for the child's tribe." *Id.* (citing 25 C.F.R. § 23.11(c)).

"A violation of the ICWA notice provisions may be cause for invalidation of the termination proceedings at some later, distant point in time." *Id.* (citing 25 U.S.C.A. § 1914 (Westlaw current through PL 115–231) (providing that "[a]ny Indian child who is the subject of any action for . . . termination of parental rights under State law, any parent . . . from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title")).

Here, with respect to each child, the Department acknowledged, in two permanency reports included in the clerk's record, that Mother reported that the children had possible American Indian heritage and the child's American Indian status was "yet to be determined." Both Mother's report and the Department's knowledge of her report that the children may have Indian ancestry were

4

"sufficient to trigger the ICWA's requirements for notification and determination of Indian status." *Id.* at \*3.  Therefore, the trial court was obligated to notify and "seek verification of the child's status from either the Bureau of Indian Affairs or the child's tribe."  BIA Guidelines, 44 Fed. Reg. at 67,586.  These notice provisions are mandatory.  *Id.*

Thus, because the inquiry required by the ICWA is necessary here, we abate the appeal in cause number 06-18-00052-CV, with the following instructions:

(1) the trial court shall provide proper notice that complies with the ICWA's statutory notice requirements discussed herein no later than **October 21, 2018**;

(2) the trial court shall thereafter conduct a hearing to determine whether B.T. is an Indian child under the ICWA no later than **November 20, 2018**;[2]

(3) the trial court shall cause a record of the proceedings to be prepared and shall make appropriate findings as to whether B.T. is an Indian child;

(4) the reporter's record from the hearing shall be filed with this Court no later than **November 30, 2018**; and

(5) a supplemental clerk's record (including any orders and findings resulting from the ICWA hearing) shall be filed with this Court no later than **November 30, 2018**.

*See* TEX. R. APP. P. 44.4.  The appeal will be reinstated in this Court following the filing of the supplemental appellate records.  Until such time, the current submission date of October 30, 2018, in cause number 06-18-00052-CV is hereby withdrawn.

---

[2]Although this order only applies to B.T., nothing in this order shall preclude the trial court or the Department from following the same procedures regarding J.R.H., Jr., and H.H.

IT IS SO ORDERED.

BY THE COURT

Date: October 12, 2018